Brewster H. Jamieson, ABA No. 8411122
Hans N. Huggler, ABA No. 1505025
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3325
 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
 hugglerh@lanepowell.com
Attorneys for Defendant Coffman Engineers, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETER HEWKO; JANE HEWKO; DAVID HEWKO,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCE BLUESHIELD; COFFMAN ENGINEERS, INC.,<br><br>Defendants. | Case No. 3:19-cv-00169-JWS<br><br>**NOTICE OF REMOVAL** |

Defendant Coffman Engineers, Inc., a Washington corporation ("Coffman Engineers") gives notice of removal of the above-captioned action, currently pending in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, under Case No. 3AN-19-07386 CI, to the United States District Court for the District of Alaska.

Pursuant to 28 U.S.C. § 1446, Coffman Engineers states the following grounds for removal:

1. On or about May 22, 2019, Plaintiffs filed its Complaint with the Clerk of the Superior Court for the State of Alaska in the Third Judicial District at Anchorage.

(*See* Complaint.) Coffman Engineers was served on May 23, 2019. (*See* Huggler Declaration in Support of Notice of Removal ("Huggler Decl.") ¶ 3.)

  2. Plaintiffs seek to recover benefits owed under a group health insurance plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA constitutes a "comprehensive civil enforcement scheme" which provides the exclusive remedy for claims arising out of employee plans subject to ERISA. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.2d 643, 667 (9th Cir. 2019).

  3. This Court has original subject matter jurisdiction over ERISA actions. 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

  4. A defendant may remove a case on grounds that the plaintiff has asserted a claim preempted by ERISA. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987). Under 29 U.S.C. § 1144(a), ERISA's provisions "supersede any and all State laws insofar as they ... relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." "A common law claim relates to an ERISA plan if it has a connection with or reference to such a plan," focusing on "whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival." *Or. Teamster Emp'rs. Trust v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155-56 (9th Cir. 2015). Here, where all claims are premised on Coffman or Regence's failure to properly administer Hewko's benefits, all claims pleaded are preempted by ERISA. Even if they were not, the Court may exercise jurisdiction over other parties and state law claims where those claims are so related to the claims within the Court's original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173-75 (9th Cir. 2002).

  5. Additionally, the parties in this action are completely diverse, no defendant is a citizen of Alaska, and the alleged amount in controversy exceeds $75,000. (*See*

Notice of Removal
*Peter Hewko, et al. v. Regence BlueShield, et al.* Case No. 3:19-cv-00169-JWS)     Page 2 of 4

Case 3:19-cv-00169-JWS Document 1 Filed 06/14/19 Page 2 of 4

Huggler Decl. ¶¶ 4-6; Complaint at Prayer for Relief (pleading "general and special damages * * * in excess of $100,000").) Accordingly, the Court separately has original jurisdiction over this case pursuant to 28 U.S.C. § 1332.

6. Without waiving any argument or defense that ERISA preempts any state law claims or causes of action asserted by Plaintiffs in their Complaint, to the extent that Plaintiffs allege other state law claims in its Complaint, 28 U.S.C. § 1441(c) allows for removal of the entire case whenever a separate and independent claim, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims. 28 U.S.C. § 1441(c); *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990) ("district court may exercise pendent jurisdiction over state law claims arising from a nucleus of operative fact common to both the state law claims and the ERISA claim"). Likewise, the Court also has supplemental jurisdiction over any alleged state law claims pursuant to 28 U.S.C. § 1367, in that such claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, because this Court would have had jurisdiction over Plaintiffs' ERISA claim had it been filed originally in this Court, the entire case is removable to this Court pursuant to 28 U.S.C. §§ 1441(a)-(c), and 1446(a)-(b).

7. Accordingly, this Court has both original and removal jurisdiction over the claims presented in this action, and Coffman Engineers is entitled to remove this action to this Court from the District Court for the State of Alaska.

8. Coffman Engineers is the only defendant yet served in this action. (Huggler Decl. ¶ 7.) Accordingly, the consent of Regence Blueshield is not necessary for removal. 28 U.S.C. § 1446(b)(2)(A) (requiring consent from defendants "properly joined and served").

9. This Notice of Removal is timely under 28 U.S.C. § 1441(d), and will be served upon Plaintiff and notice thereof will be filed promptly in the state court.

DATED this 14th day of June, 2019.

        LANE POWELL LLC
        Attorneys for Defendant Coffman Engineers, Inc.

        By s/ Brewster H. Jamieson
           Brewster H. Jamieson, ABA No. 8411122
           Hans N. Huggler, ABA No. 1505025

I certify that on June 14, 2019, a copy of the foregoing was served via U.S. mail on:

Phillip Paul Weidner
Weidner & Associates, APC
943 W Sixth Avenue, Suite 300
Anchorage AK 99501-2033

s/ Brewster H. Jamieson

Notice of Removal
*Peter Hewko, et al. v. Regence BlueShield, et al.* Case No. 3:19-cv-00169-JWS)     Page 4 of 4

Case 3:19-cv-00169-JWS   Document 1   Filed 06/14/19   Page 4 of 4