Phillip Paul Weidner
Michael Cohn
WEIDNER & ASSOCIATES, APC
943 W 6th Ave, Ste. 300
Anchorage, Alaska 99501
(907) 276-1200
mcohn@weidnerjustice.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETER HEWKO; JANE HEWKO; DAVID HEWKO<br><br>    Plaintiffs,<br> v.<br>REGENCE BLUESHIELD; COFFMAN ENGINEERS, INC.,<br><br>    Defendants. | Case No. 3:19-cv-00169 JWS |

## AMENDED COMPLAINT

COMES NOW the Plaintiffs by and through Counsel Phillip Paul Weidner of Phillip Paul Weidner & Associates, a Professional Corporation, and hereby states, pleads, alleges and complains as her causes of action in the instant matter as follows:

1. Plaintiff PETER HEWKO is and was a resident of Alaska at all times relevant hereto.

2. Plaintiff JANE HEWKO is and was a resident of Alaska at all time relevant hereto.

3. Plaintiff DAVID HEWKO is and was a residence of Alaska at all time relevant hereto.

AMENDED COMPLAINT
*Hewko v. Regence Blueshield, et. al.*, Case No. 3:19-cv-00169 JWS
Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 1 of 12
1

4. Defendant Regence BlueShield is incorporated in the state of Washington and does business in Alaska and was and is doing business in Alaska at all times relevant hereto. Regence BlueShield appears to be a third-party administrator for Coffman Engineers, Inc., to wit, an agent that administers the insurance plan that covered Peter Hewko at all times relevant hereto. Regence BlueShield is hereinafter referred to as "Regence."

5. Defendant COFFMAN ENGINEERS, INC. (hereinafter "Coffman"), is an entity doing business in Alaska, and was and is doing business in Alaska at all times relevant hereto, and was the employer of Peter Hewko, and Peter Hewko was an insured on or about June 15, 2016.

6. Coffman Engineers, Inc. provides health insurance benefits to its employees, insureds through a self-funded plan maintained by Regence BlueShield. As such, Coffman Engineers is directly responsible for payment of claims for benefits and receives information from Regence regarding the medical claims and pharmacy costs, and thus, is, upon information and belief, directly involved in the processing of, and adjudication of, Peter's medical care costs and claims and had and has duties and obligations to be in good faith as to Peter's claims and coverage.

7. On June 15, 2016, Peter Hewko sustained an acute ischemic left middle cerebral artery stroke. He was employed by Coffman Engineers, Inc. His insurer/claims handler was Regence BlueShield. He received insurance through his employer.

8. Peter was treated at Alaska Regional Hospital and then Providence Medical Center.

AMENDED COMPLAINT
*Hewko v. Regence BlueShield, et. al.*, Case No. 3:19-cv-00169-JWS 2
Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 2 of 12

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

9. Peter's health insurance plan provided benefits to therapy to restore or improve function, including care in a skilled nursing facility, plus rehabilitative in-patient care.

10. When Peter was in the hospital, his family was put in touch with a "nurse case manager" for Defendant Regence and/or Coffman Engineers, who led the family to believe that she would facilitate Peter receiving all the benefits to which he was entitled under his plan. Peter's family did not receive a copy of the relevant health insurance plan and was totally reliant on the 'nurse case manager' to advise them of his benefits.

11. Peter's family, and potentially hospital staff at the hospitals, were told, incorrectly, that as further set out, that Peter's benefits under his health insurance plan were very limited. Accordingly, based on this incorrect information, Peter was discharged from Providence Medical Center on about July 29, 2016 to his home in Eagle River, Alaska, where he resided with his mother, Jane Hewko, who was his 24/7 caregiver. At the time that Peter was discharged to home, he was in a fragile health state having suffered brain damage, including suffering aphasia, dysphagia, right hemiparesis, cerebral edema and cognitive impairment. As such, he needed the assistance of the plan and his employer to provide the benefits to which he was entitled under the plan.

12. Upon information and belief, Peter was discharged at the direction of Regence and/or Coffman and/or their agents and/or due to false information provided by them and not based on his medical needs. Further upon information and belief, Providence Medical Center complied with direction of Regence and/or Coffman

AMENDED COMPLAINT
*Hewko v. Regence BlueShield, et. al.*, Case No. 3:19-cv-00169-JWS  3
Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 3 of 12

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

and/or its agents. Such conduct by Regence and/or Coffman constitutes deliberate interference with the doctor/patient relationship and a breach of Regence's and/or Coffman's obligations as to its insured. Moreover, Peter was discharged to home not based on medical appropriateness, but on the financial interests of Regence and Coffman Engineers.

13. Operating under the misguided and incorrect advice of the "nurse case manager" and others acting on behalf of Regence and/or Coffman, Peter's family were unaware of the nature of Peter's health benefits under his plan.

14. In approximately April 2017, Jane Hewko learned that Peter was apparently entitled to certain therapy benefits under his plan and that other benefits under his plan were also available to him and potentially not limited. Peter's family was shocked, as the nurse case manager had never advised them of that information and in fact, had informed them that his benefits were restricted. At the time, Jane Hewko was providing Peter's care at home, a significant responsibility.

15. Jane Hewko submitted an appeal to Regence BlueShield and/or Coffman in July 2017, regarding her discovery that Peter had been denied insurance benefits to which he was entitled, and his pressing need for those benefits. Exhibit I, sub-exhibit A.

16. In August 2017, Regence and/or Coffman responded to Jane with a "thank you" for her "personal letter." Exhibit I, sub-exhibit B. Regence and/or Coffman falsely stated that it or the case manager informed the Hewkos regarding Peter's benefits. It stated, "According to the our records [sic], benefit information regarding neurodevelopmental therapy as well as outpatient rehabilitation services

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

AMENDED COMPLAINT
*Hewko v. Regence BlueShield, et. al.*, Case No. 3:19-cv-00169-JWS 4
Case 3:19-cv-00169-JWS Document 25 Filed 10/03/19 Page 4 of 12

was discussed between you and a Regence Case Manager on August 17, 2016. Exhibit I, sub-exhibit B. Regence and/or Coffman did not address the basic import of Jane Hewko's appeal, which was that Peter was entitled to benefits and needed them. Furthermore, the letter was not a proper denial pursuant to the plan procedures and further, did not inform the Plaintiffs of their rights with regard to any rejection of the appeal.

17. On October 8, 2018, Regence and/or Coffman wrote to Peter Hewko informing him that a request for authorization for services by Quality Living, Inc., an inpatient facility in Omaha, Nebraska, was denied. Exhibit I, sub-exhibit C. Regence's and/or Coffman's decision is in bad faith. The record demonstrates that Peter needs the care. Regence's physician reviewer improperly concluded that "the clinical documentation we received does not clearly show you have intense and complex care needs that make this level of facility care safe and more practical than a lower level of care…" That conclusion is belied by correspondence by qualified medical professionals. Exhibit I, sub-exhibit D. Nor did Regence's/Coffman's medical reviewer indicate whether he had looked at the correspondence by Peter Hewko's physicians.

18. On about November 6, 2018, Peter's family learned of a 60-day per year skilled nursing benefit. On or about December 7, 2018, the benefits manager improperly advised Jane Hewko that neurodevelopmental therapy benefits are only available to people who have never had a skill (such as speaking) in the first place. However, it appears that those benefits are available to "restore or improve function."

AMENDED COMPLAINT
*Hewko v. Regence Blueshield, et. al.*, Case No. 3:19-cv-00169-JWS 5
Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 5 of 12

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

19. Peter Hewko was forced to self-pay to obtain essential therapies. In a desperate effort to assist Peter and get him the care that he needs, when Peter was abandoned by his insurer as to necessary care, Peter's parents used their funds to assist in supporting him, such as with housing, living, and traveling expenses. Peter's parents have suffered emotional distress as a result of seeing their son's health and condition be negatively impacted by the bad faith of the Defendants. The stress and emotional toll has been extreme. The gains moving forward will take longer and be harder to achieve as time passes. Peter's parents have struggled to assist him and to understand Peter's health benefits under his plan. Peter is also suffering from the stress and anxiety of the Defendant's bad faith, and the effect of same on his parents. Moreover, Jane Hewko has been providing care to Peter at home, at significant personal cost.

20. Although Regence and/or Coffman appears to have, in part, reconsidered its decision and has approved a very limited 10-day skilled nursing facility stay at Quality Living, Inc. (in correspondence dated November 6, 2018, Exhibit I, sub-exhibit E), the decision is grounded in the antecedent bad faith, and moreover, is insufficient to provide Peter the care he needs and is entitled to receive.

21. Regence and/or Coffman Engineers has engaged in bad faith conduct and continue to engage in bad faith. Jane Hewko has endeavored to get answers from Regence and/or Coffman about Peter's coverage and has received conflicting and inaccurate information.

22. As of December 1, 2018, Medicare became Peter Hewko's primary health insurer. Jane Hewko has attempted to determine Regence's/Coffman's coverage of

AMENDED COMPLAINT
*Hewko v. Regence BlueShield, et. al.*, Case No. 3:19-cv-00169-JWS
Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 6 of 12
6

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

Quality Living, Inc. and neurodevelopmental therapy benefits, and has encountered Regence's/Coffman's usual display of denial and provision of inaccurate guidance.

23. On January 25, 2019, counsel for the Hewkos wrote an appeal to Regence and Coffman Engineers regarding the above matters. Exhibit I. This appeal was well within the 180 days provided for appeal in the October 8, 2018, denial letter. The October 8, 2018, letter also said that written notice of the decision would be mailed within 14 days of the receipt of the appeal. No written response has been received.

24. Regence and Coffman Engineers continues to engage in bad faith as to the Hewkos, and Peter's health and recovery is negatively affected by the delay, refusal to respond, lack of transparency concerning his benefits, lack of honesty regarding his benefits, refusal to cover necessary and appropriate care under the policy.

25. Coffman Engineers, who is ultimately responsible for paying the claims and is aware of the nature of the claims, and is in direct communication with Regence, and is also presumably aware of Jane Hewko's efforts to clarify Peter's benefits and to obtain for Peter all benefits to which he is entitled, is likewise culpable for bad faith.

26. Pursuant to ERISA § 502(a)(1)(B) Plaintiffs bring the following claims.

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

AMENDED COMPLAINT
*Hewko v. Regence Blueshield, et. al.*, Case No. 3:19-cv-00169-JWS
Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 7 of 12
7

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS

27. Plaintiffs reallege and incorporate the proceeding paragraphs of this Complaint into this cause of action and further, complain as follows.

28. Pursuant to ERISA § 502(a)(1)(B), Defendant Regence BlueShield has repeatedly denied benefits that were due Peter Hewko, on information and belief abused its discretion and failed to explain and/or omitted crucial information to Peter Hewko and his parents as to his benefits and rights, failed to adequately explain his rights in the event of denial of benefits and failed to follow appropriate procedures in denying benefits initially and in failing to follow appeal or review procedures. Said Defendant is liable for all damages caused by Defendants actions.

## SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTIES

29. Plaintiffs reallege and incorporate the proceeding paragraphs of this Complaint into this cause of action and further, complain as follows.

30. Pursuant to ERISA § 502(a)(1)(B), Defendant Regence BlueShield has repeatedly denied benefits that were due Peter Hewko, on information and belief abused its discretion and failed to explain and/or omitted crucial information to Peter Hewko and his parents as to his benefits and rights, failed to adequately explain his rights in the event of denial of benefits and failed to follow appropriate procedures in denying benefits initially and in failing to follow appeal or review procedures. Failing to advise the beneficiary/participant Peter Hewko and his mother acting on his behalf due to the devastating brain injuries, of the benefits under the plan and/or misleading them of the plan's benefits and/or failing to assist Mr. Hewko in obtaining his benefits to obtain his recovery and failing to notify Mr. Hewko

AMENDED COMPLAINT
*Hewko v. Regence BlueShield, et. al.*; Case No. 3:19-cv-00169-JWS
Case 3:19-cv-00169-JWS Document 25 Filed 10/03/19 Page 8 of 12
8

and his mother Jane Hewko of the benefits and rights under the plan amount to a violation of Regence BlueShield's fiduciary duties. Said Defendant is liable for all damages caused by Defendants' actions.

### THIRD CAUSE OF ACTION: KNOWING PARTICIPATON

31. Plaintiffs reallege and incorporate the proceeding paragraphs of this Complaint into this cause of action and further, complain as follows.

32. On information and belief, the employer of Peter Hewko, Coffman Engineers may have participated in the knowing obstruction, denial, withholding, and misinformation as to Mr. Hewko's rights to receive benefits and the proper steps to obtain the benefits to which he was entitled and accordingly, is liable for all such damages following from that participation.

### FOURTH CAUSE OF ACTION: INTERFERENCE

33. Plaintiffs reallege and incorporate the proceeding paragraphs of this Complaint into this cause of action and further, complain as follows.

34. The actions stated in paragraphs 28, 30 and 32 also support an ERISA 510 claim for interference for denial of rights provided by the plan. Such adverse actions by the Defendants may be the result of disparate treatment of plan members who suffer brain injuries and cognitive impairment to inhibit their ability to protect their rights to benefits under the plan.

### FIFTH CAUSE OF ACTION: ESTOPPEL

35. Plaintiffs reallege and incorporate the proceeding paragraphs of this Complaint into this cause of action and further, complain as follows.

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

AMENDED COMPLAINT
*Hewko v. Regence BlueShield, et. al.*; Case No. 3:19-cv-00169-JWS
Case 3:19-cv-00169-JWS Document 25 Filed 10/03/19 Page 9 of 12
9

36. The failures specified in the facts and paragraphs 28, 30, 32 and 34 should estop the Defendants from denying the benefits that Mr. Hewko is entitled to and/or were promised.

## SIXTH CAUSE OF ACTION: FAILURE TO COMPLY WITH CLAIMS AND APPEAL PROCEDURE

37. Plaintiffs reallege and incorporate the proceeding paragraphs of this Complaint into this cause of action and further, complain as follows.

38. Regence BlueShield is liable for all damages and benefits due as allowed for failure to comply with claims and appeal procedures.

## SEVENTH CAUSE OF ACTION- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint into this cause of action and further complain as follows.

40. Common law claims that do not conflict with ERISA are permitted.

41. Due to the conduct of Regence BlueShield and/or Coffman Engineers by negligent and/or reckless and/or intentional conduct, in denying Peter the benefits to which he was entitled, failing and/or refusing to act honestly and disclose to him and his family information as to his benefits, Plaintiffs suffered severe emotional distress and continue to suffer same. It was also foreseeable that the enormous stress and burden of caring for a profoundly injured adult child would be greatly magnified by the actions of the Defendants in having to fight continuously for the help their son needed.

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200  Fax (907) 278-6571

AMENDED COMPLAINT
*Hewko v. Regence Blueshield, et. al.*, Case No. 3:19-cv-00169 JWS    10

Case 3:19-cv-00169-JWS   Document 25   Filed 10/03/19   Page 10 of 12

## EIGHTH CAUSE OF ACTION- PUNITIVE DAMAGES

42. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint into this cause of action and further complain as follows.

43. Punitive damages are an effective means to deter conduct as set out in this Complaint and is therefore compatible with ERISA.

44. The conduct of the Defendants was willful, wanton and reckless, indifferent and ongoing, in disregard of the foreseeable consequences, and the rights and safety and interests of Peter Hewko (and other similarity situated plan beneficiaries), and his parents, and calls for the imposition of punitive damages against each Defendant, in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and due regard to the net worth of each of the Defendants.

WHEREFORE, having stated her Complaint, Plaintiffs pray for judgment against the defendants as follows:

1. For general and special damages for Plaintiffs in an amount in excess of $100,000, the exact amount to be proven at trial;

2. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

3. For Plaintiffs costs and attorney fees incurred in pursuing this action;

4. For punitive damages against each Defendant, in an appropriate amount to chill and deter such conduct in the future, with due regard to the nature of the culpable conduct at issue and due regard to the net worth of each of the Defendants; and

5. For such other and further relief as the court may deem just and equitable in the premises.

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

RESPECTFULLY SUBMITTED this 3 day of October 2019, at Anchorage, Alaska.

    WEIDNER & ASSOCIATES
    Counsel for Plaintiffs

    s/Michael Cohn
    Michael Cohn
    ABA No. 8506049

CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2019, a copy of the foregoing was served electronically on all parties registered to receive documents through ECF in this matter.

/s/ Michael Cohn

WEIDNER & ASSOCIATES
943 W 6th Avenue, Suite 300
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571