Michael W. Flanigan
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PETER HEWKO,<br><br>               Plaintiff,<br>vs.<br><br>COFFMAN ENGINEERS, INC.;<br>COFFMAN ENGINEERS, INC.<br>WELFARE PLAN;<br>REGENCE BLUE SHIELD,<br><br>               Defendants. | Case No. 3:19-cv-00169 JWS<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: FAILURE TO PROVIDE DOCUMENTS IN A TIMELY MANNER (29 USC 1132(c)(1 & 3)** |

Comes Now Plaintiff, by and through counsel Flanigan & Bataille, and hereby moves for summary judgment based on Plaintiff's claims based on 29 USC 1132(c)(1) pursuant to FRCP 56. The undisputed facts demonstrate the Plaintiff is entitled to summary judgment as to that claim as against Coffman Engineers, Inc.

**RELEVANT FACTS**

Plaintiff's present counsel substituted in as counsel for the Plaintiff on 2/27/20 (Doc. 54). Shortly thereafter, Plaintiff's counsel requested a copy of the Coffman Benefits

booklet (listing all benefits provided to employees; the "actual health benefits "Plan", plus the SPD, by way of an email sent to the attorneys representing Coffman Engineering, and Coffman Benefits Plan (Brewster Jamieson) and Regence Blue Shield (James Torgerson)[1], dated March 3, 2020. **(Exhibit 1).** The email request included authorization for release of documents, signed by the Plaintiff.[2] 29 USC §1132(c)(1)(b) requires the Plan Administrator to provide "Plan" documents to a beneficiary upon written request within 30 days and provides for a $100 per day penalty for failure to do so:

> Any <u>administrator</u> [3]…
> (B) who fails or refuses to comply with a request for any information which such <u>administrator</u> is required by this subchapter to furnish to a <u>participant</u> or <u>beneficiary</u> (unless such failure or refusal results from matters reasonably beyond the control of the <u>administrator</u>) by mailing the material requested to the last known address of the requesting <u>participant</u> or <u>beneficiary</u> within 30 days after such request may in the court's discretion be personally liable to such <u>participant</u> or <u>beneficiary</u> in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single <u>participant,</u> and each violation described in subparagraph (B) with respect to any single <u>participant</u> or <u>beneficiary,</u> shall be treated as a separate violation.

---

[1] Both of whom are experienced ERISA attorneys.

[2] DOL Advisory Opinion Letter 82-021A at 3: Information required to be provided to a participant or beneficiary must also be provided to a third party where the participant or beneficiary has provided written authorization for the release of the information to the 3rd party. Quoted *in Bartling v Fruehauf Corp.,* 29 F.3d 1062, 1072(6th Cir. 1995). Other Courts have ruled that an attorney's request for a participant is sufficient by itself, *Daniels v Thomas & Betts Corp.* 263 F. 3d 66, 77 (3rd Cir, 2001).

[3] Coffman is identified as the "Administrator of the Coffman Benefits Plan in the Services Agreement between Coffman and Regency, (Doc. 79-2, pages 6-7, para. 21)

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS          PAGE 2 OF 14

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

On March 31, 2020, attorney Torgerson, counsel for Regency, advised that the due date for providing the "Plan" would fall in April. **(Exhibit 2).** On April 2, 2020, 30 days after the first request for Plan documents, Plaintiff's counsel reminded attorneys Jamieson and Torgerson, that there was a $100 a day penalty for not providing "plan" documents. **(Exhibit 3).** On April 3, 2020, attorney Jamieson, counsel for Coffman Engineers and the Coffman Engineers Benefit "Plan", provided the summary plan descriptions (SPDs) and asked if Plaintiff wanted anything more. That same day Plaintiff's counsel asked if there was a formal "Plan". **(Exhibit 4).** Attorney Jamieson advised he would ask his client to "double check", to which Plaintiff's counsel volunteered that there was "normally some kind of agreement between the employer and claims company that sets up the agreement between them. **(Exhibit 5).** On April 6, 2020, attorney Torgerson advised that "we are working to get you responsive documents as quickly as we can. Plaintiff's counsel asked that they be emailed. **(Exhibit 6).** Thereafter Defendants took no further action to provide the requested Coffman Benefit Plan document, until October 16, 2020.

Meanwhile, on September, 9, 2020, Defendants filed a notice of filing administrative record. (Doc. 74). Thereafter, Plaintiff filed a motion to supplement the Administrative Record on October 2, 2020, complaining in part that Defendants had not provided the actual Coffman Benefits Plan document, which was a required document in an ERISA claims dispute, pursuant to *CIGNA Corp. v Amara,* 563 U.S. 421, 436-438(2011). (Doc. 76, pgs. 8-10). Thereafter, the Coffman Benefits Plan and the Service Agreement between Coffman and Regency was finally produced by way of exhibits

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS         PAGE 3 OF 14

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

attached to Regency's October 16, 2020 opposition to Plaintiff's motion to supplement the Administrative Record. (Doc. 79-1, 79-2), accompanied by the argument that the documents were irrelevant (despite the holding in the CIGNA case). (Doc. 79, pages, 15-16), which Opposition Coffman Engineers and the Coffman Plan joined with (Doc. 81). Nevertheless, following further argument by the Plaintiff on the same point in his Reply Brief (Doc. 82, pages 1-8), Defendants on October 27, 2020 supplemented the Administrative Record, with the Coffman Benefit Plan and Coffman/Regency Service Agreement. (Doc. 88). (Plan: AR 3947-3957; Agreement: AR 3958-3996).

Recently, on April, 28, 2021, Regency's counsel sent a letter to Plaintiff's counsel, advising that based on his research, only Coffman could be held liable for failing to provide the "Plan" documents requested by the Plaintiff in March & April, 2020. **(Exhibit 7).** This position was taken despite the fact that it appears that Regency and Coffman were jointly making the decision to not produce the Coffman Benefits Plan and Coffman/Regency Agency Agreement. (Opposition to Motion to Supplement the Record, Doc. 79, pages, 15-16; Doc. 81).

## ARGUMENT

### I. STANDARDS APPLICABLE TO SUMMARY JUDGMENT MOTION

A movant is entitled to summary judgment, if viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law, *Gordon v. Cnty. of Orange, 888 F.3d 1118 (9th Cir. 2018).*

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Once the moving party provides sufficient evidence supporting the motion for summary judgment, the burden shifts to the non-moving party to prove the presence of genuine issues of material fact or that the movant is not entitled to judgment as a matter of law, *Celotex Corp. v Catrett*, 477 U.S. 317, 322-323(1986); *Lake Nacimiento Ranch Co. v. San Luis Obispo County*, 841 F.2d 872, 875-876 (9th Cir. 1988).

## II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS 1132(C)(1) CLAIM

An administrator of an ERISA plan has a duty to provide plan documents to each participant, upon request under sections 1021(a) and 1024(b)(4). Failure or refusal to provide such documents may result in fines of up to $110 a day, costs and attorney's fees under sections 1132(c) and (g):

**(c) Administrator's refusal to supply requested information…**
**(1)** Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166[2] of this title, section 1021(e)(1) of this title, section 1021(f) of this title, or section 1025(a) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

29 U.S.C. Sec. 1021(a) (1982) provides:

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS    PAGE 5 OF 14

> The administrator of each employee benefit plan shall cause to be furnished in accordance with Section 1024(b) of this title to each participant covered under the plan and to each beneficiary who is receiving benefits under the plan--
> (1) a summary plan description described in Section 1022(a)(1) of this title: and
> (2) the information described in Section 1024(b)(3) and 1025(a) and (c) of this title.

ERISA further requires that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of ... instruments under which the plan is established or operated." 29 U.S.C. Sec. 1024(b)(4) (1982).

Section 1002(16)(A) defines a plan "administrator" as follows:

The term "administrator" means--

> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; ...

In this case, it is undisputed that Plaintiff, a participant/beneficiary in the Coffman Benefit Plan, requested from Coffman Engineers, the designated Administrator of the Coffman Benefits Plan[4], a copy of the "Plan", in addition to the SPD, by way of email correspondence from Plaintiff's counsel to Coffman's counsel in March 3, 2020. (Exhibit 1). It is also undisputed that the Coffman Benefit Plan and the Coffman/Regency Agency Agreement, which was part of the Benefits Plan, was not provided to the Plaintiff until October 16, 2020[5], a period of 228 days, which exceeded the 30 day period set forth in 1132(c), to provide requested documents by 198 days. That disclosure only occurred after

---

[4] AR 3849
[5] Doc. 79-1, 79-2

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS         PAGE 6 OF 14

Plaintiff filed a motion to supplement the administrative record, with a copy of the Coffman Benefit Plan.[6]

The U.S. Supreme Court described the purpose of the 1132(c) penalty provisions in *Firestone Tire & Rubber, Co. v Brunch*, 489 U.S. 101, 118 (1989):

> We do not think Congress' purpose in enacting the ERISA disclosure provisions—ensuring that "the individual participant knows exactly where he stands with respect to the plan," H.R.Rep. No. 93-533, p. 11 (1973), U.S.Code Cong. & Admin.News 1978, p. 4649—will be thwarted by a natural reading of the term "participant." Faced with the possibility of $100 a day in penalties under § 1132(c)(1)(B), a rational plan administrator or fiduciary would likely opt to provide a claimant with the information requested if there is any doubt as to whether the claimant is a "participant," especially when the reasonable costs of producing the information can be recovered. See 29 CFR § 2520.104b-30(b) (1987) (the "charge assessed by the plan administrator to cover the costs of furnishing documents is reasonable if it is equal to the actual cost per page to the plan for the least expensive means of acceptable reproduction, but in no event may such charge exceed 25 cents per page").

The Ninth Circuit has held that the failure to provide "Plan Documents" by a Plan Administrator, is sufficient basis for a statutory penalty pursuant to 29 USC §1132(c)(1), *Lee v ING Groep, N.V.*, 829 F.3d 1158, 1160, 1162 (9th Cir. 2016).

A claim pursuant to 1132(c)(1) is not dependent on whether a claimant was also successful on a benefits claim, *Stone v Travelers Corp.*, 58 F.3d 434 (9th Cir. 1995)(Plaintiff's 1132(c) claim allowed to go forward despite losing benefits claim on the merits). Nor is prejudice a prerequisite to an award of a civil penalty under section 1132(c), *Curry v Contract Fabricators, Inc. Profit Sharing Plan,* 891 F.2d 842, 850 (11th

---

[6] Doc. 76, pgs. 8-10.

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS    PAGE 7 OF 14

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Cir. 1990); *Scott v Suncoast Beverage Sales*, 295 F.3d 1223, 1231-1232 (11th cir. 2002)[7]; *Kerr v Vatteroff & Co.*, 184 F.3d 938, 948 (8th Cir. 1999). Nor is proof of bad faith is necessary to key the provisions of 1132(c), *Daughtery v Honeywell*, 3 F.3d 1488, 1494 (11th Cir. 1993); *Davis v Featherstone*, 97 F.3d 734, 738(4th Cir. 1996).

Because the penalty range in 1132(c) is unrelated to any injury suffered by the Plaintiff, the language of the statute indicates that is designed to punish noncompliance with the administrator's disclosure obligations and not for the purpose of compensating the beneficiary, *Daughtery v Honeywell*, 3 F.3d 1488, 1494 (11th Cir. 1993); *Scott v Suncoast Beverage Sales*, 295 F.3d 1223, 1231-1232(11th cir. 2002)[8]; *Kerr v Vatteroff & Co.*, 184 F.3d 938, 948 (8th Cir. 1999); *Davis v Featherstone*, 97 F.3d 734, 738, 739(4th Cir. 1996):

> Section 1132(c) makes no provision for compensatory damages, so it would have been useless for Davis to plead them. Instead, frustration, trouble, and expense are relevant factors for a district court to consider in deciding whether to impose a penalty. It is evident that Davis had to go to the trouble and expense of engaging an attorney to obtain the BGE plan. He did not need to prove monetary damages.

The *Daughtery* court ruled that given the undisputed facts of that case, a twelve month unexplained delay in providing requested plan documents, it would be an abuse of discretion not to award a statutory penalty in that case:

---

[7] Citing *Lesman v. Ransburg Corp.*, 719 F.Supp. 619 (W.D.Mich.1989); *Bemis v. Hogue*, 635 F.Supp. 1100, 1106 (E.D.Mich.1986); Porcellini v Strasheim Prinitng Co., 578 F.Supp. 605, 613-14(E.D. Pa. 1983); *Maryonovich v. Market Data Retrieval, Inc.*, 716 F.Supp. 343, 352 (N.D.Ill.1989) (dictum); *Sandlin v. Iron Workers Dist. Council Pension Plan*, 716 F.Supp. 571, 574 (N.D.Ala.1988), aff'd, 884 F.2d 585 (11th Cir.1989)

[8] Citing *Sandlin v. Iron Workers Dist. Council Pension Plan*, 716 F.Supp. 571, 574 (N.D.Ala.1988), aff'd, 884 F.2d 585 (11th Cir.1989)

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

> Under these circumstances, involving an unexplained delay of twelve months in providing a benefits statement, the district court's refusal on remand to impose a civil penalty under section 1132(c) would represent an abuse of discretion. The punitive purposes of section 1132(c) merit the imposition of some penalty. We therefore remand to the district court for the determination of an appropriate penalty within the statutory range of up to $100 a day. (Daughtery, 3 F.3d at 1495).[9]

The maximum penalty for not providing the Coffman Benefits Plan, despite written request, given the delay of 198 days is $21,780.[10] While not an insignificant sum, it would be imposed on a very large corporation, who with the advice of counsel, chose to intentionally violate the requirements of 29 USC 1132(c), after being advised of the potential $100 a day penalty for not doing so in a timely manner (30 days)[11]. The excuse offered, 198 days after the documents should have been produced, that "they were irrelevant",[12] demonstrates considerable hubris, especially in light of the fact that the whole purpose of 1132(c)'s provisions is to allow a participant of a plan to judge such matters for themselves, *Firestone Tire & Rubber, Co. v Brunch*, 489 U.S. 101, 118 (1989), especially in light of the *CIGNA v Amara* holding that the "Plan" and not the SPD, governs ERISA benefit issues.

As was demonstrated in this case, without the "Plan" documents, the Court would not have been able to determine if the "Plan" incorporated the SPD and gave Regency

---

[9] Also see *Leister v Dovetail*, 546 F.3d 875, 883-884(7th Cir. 2008) deciding that it was error not to award statutory penalties due to the intentional failure to provide documents.

[10] See 29 U.S.C. § 1132(c)(1) (indicating that maximum penalty is $100 per day) and see also 29 C.F.R. § 2575.502c-1 (increasing amount of maximum penalty from $100 to $110 per day for violations occurring after July 29, 1997).

[11] Exhibit 3.

[12] Doc. 79, pages, 15-16), which Coffman Engineers joined with, Doc. 81.

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS     PAGE 9 OF 14

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

discretion to decide benefit issues. (See Doc. 101, Pages 7-10). Those documents would not have been produced but for the Plaintiff's motion to supplement, which forced the Defendants to finally produce the requested documents.

Given the circumstances in this case, the Court's comments in *Davis v Featherstone*, 97 F.3d 734, 738, 739(4th Cir. 1996) seem particularly apropos:

> In addition to the impact on Davis of the administrator's statutory violation, the district court should consider the conduct of the administrator. The purpose of the penalty provision is to provide plan administrators with an incentive to meet requests for information in a timely fashion… When there is some doubt about whether a claimant is entitled to the information requested, the Supreme Court has suggested that an administrator should err on the side of caution. Faced with the possibility of $100 a day in penalties under § 1132(c)(1)(B), a rational plan administrator or fiduciary would likely opt to provide a claimant with the information requested if there is any doubt as to whether the claimant is a 'participant,' especially when the reasonable costs of producing the information can be recovered...See 29 C.F.R. § 2520.104b-30(b) (1996)(citations omitted).

The conduct of the Administrator in this case is best described as an intentional refusal to provide the requested documents as required by 1132(c). The facts strongly support this conclusion. The Administrator of the Coffman Benefit Plan, Coffman Engineers, by way of an email to their attorney, Brewster Jamieson, was requested in writing to provide a copy of the "plan", in addition to the SPD to Plaintiff's counsel. (Exhibit 1). Thirty days later, he was reminded that there was the potential of a $100 penalty per day for not providing the requested documents. (Exhibit 3). On April 3, 2020, attorney Jamieson, provided the summary plan descriptions (SPDs) and asked if Plaintiff wanted anything more. That same day Plaintiff's counsel asked if there was a formal

"Plan". (Exhibit 4). Attorney Jamieson advised he would ask his client to "double check", to which Plaintiff's counsel volunteered that there was "normally some kind of agreement between the employer and claims company that sets up the agreement between them. (Exhibit 5). On April 6, 2020, attorney Torgerson advised that "we are working to get you responsive documents as quickly as we can. Plaintiff's counsel asked that they be emailed . (Exhibit 6). Thereafter Defendants took no further action to provide the requested Coffman Benefit Plan document, until October 16, 2020 and only after the Plaintiff moved to supplement the record with the Plan documents, Coffman Engineers had heretofore not produced. The only explanation offered for the failure to abide with the requirements of 1132(c)(1), was the documents were "irrelevant". 1132(c) provides no such exemption to the requirement that the "administrator" provide plan documents upon written request to a participant/beneficiary. Furthermore, the withheld Coffman Benefit Plan documents were not only relevant, but an essential document in any ERISA benefits case, *CIGNA Corp. v Amara,* 563 U.S. 421, 436-438(2011).[13]

In order to have meaningful communications between a ERISA plan participant and a Plan administrator, it is essential that both sides have access to necessary documents. The Coffman plan and SPD requires the participant/beneficiary to provide requested information and documents.[14] The only complimentary duty imposed on the Plan

---

[13] While the Coffman Benefit Plan and Agency Agreement "muddied the water", concerning whether Regency had been given discretionary authority (Doc. 82, page 7), that was not a valid basis for not providing the Coffman Benefit Plan documents.
[14] AR 3522, 3952

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Administrator is by way of 1132(c)(1). If the participant/beneficiary is to have any parity with the Administrator's right to information and documents, then the disclosure duties imposed by 1132(c) must be enforced, when breached, by the imposition of the penalties prescribed in that provision.[15] Like any other penalty, the price for violation of a prescribed duty must impose a sufficient financial cost to not only punish but also deter further similar conduct in the future. Coffman Engineers is a very large company, with locations all over the country[16], 534 employees and estimated revenue of $129 million [17] The $110 a day maximum penalty permitted pursuant to 1132(c) as supplemented by 29 CFR§2575.502c-1[18], in the amount of $21,780, is not going to have any significant effect on the company, but it will provide some disincentive to refuse to provide requested plan documents in the future,[19] which was the intent behind the law.

---

[15] *Bartling v Fruehauf Corp*., 29 F.3d 1062, 1068 (6th Cir. 1995): "Plaintiffs correctly point out that the purpose of the statute was to induce administrators to timely provide participants with requested plan documents, and to penalize failures to do so.".

[16] https://www.coffman.com/locations/

[17] https://growjo.com/company/Coffman_Engineers

[18] "In accordance with the requirements of the 1990 Act, as amended, the maximum amount of the civil monetary penalty established by section 502(c)(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), is hereby increased from $100 a day to $110 a day. This adjusted penalty applies only to violations occurring after July 29, 1997."

[19] Other courts have awarded significant 1132(c)(1) penalties for not providing plan documents despite written requests, *Evans v Book-a-Million*, 762 F.3d 1288, 1294, 1300(11th Cir. 2014)($36,450 penalty)($75 a day for 486 days); *Lowe v McGraw-Hill Companies, Inc*., 361 F.3d 335, 339 (7th Cir. 2004)($35,050 penalty)(701 days x $50 a day); *Daniels v Thomas & Betts Corp.,* 263 F.3d 66(3rd Cir. 2001)($26,100 penalty)(261 days x $100 a day); *Kruger International et al v Blank*, 225 F.3d 806, 811(7th Cir. 2000)($15,300 penalty)($100 a day for 153 days); *Wright v Hanna Steel Corp*., 270 F.3d

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Especially given the number of employees at Coffman Engineers, a number of which may be in the future require and request plan documents, the threat of a similar penalty for each violation, may well be sufficient to cause the company to disclose documents in the future. If the Court's decision is published it may also have a beneficial effect of encouraging plan document disclosures by other employers in this District.

## **CONCLUSION**

Therefore, based on the facts and law applicable to this motion, the Plaintiff respectfully requests the Court to award the maximum penalty of $110 a day for the 198 days the Coffman Benefit "Plan" document (which included the Coffman/Regency Service Agreement) was not provided after the 30 days allowed for production of requested documents pursuant to 29 USC 1132(c), which equals $21,780.

DATED THIS 15th DAY OF May, 2021.

/s/ Michael W. Flanigan, ABA#7710114
FLANIGAN & BATAILLE
1007 W. 3rd Ave., Ste. 206
Anchorage, Alaska, 99501
Telephone: (907)-279-9999
Facsimile: (907) 258-3804
E-Mail: mflanigan@farnorthlaw.com
Attorneys for the Plaintiff

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

---

1336(11th 2001)($75 a day for 18 months totaling $41,062); *Brown v Aventus Phar.S*, 341 F.3d 822, 825(8th Cir. 2003)($19,580 for failing to produce COBRA notice and SPD); *Bartling v Fruehauf Corp.*, 29 F.3d 1062(6th Cir. 1995)($25,200 in penalties in Class Action case); *Moothart v Bell*, 21 F.3d 1499 (10th Cir. 1994)($12,210 penalty)($30 a day for 407 days); *Law v Ernst & Young*, 956 F.2d 364, 372 (1st Cir. 1991)($12,600 penalty (126 days x $100 a day).

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS      PAGE 13 OF 14

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY that a true and correct copy of the foregoing was served by way of the Court's ECF system this 15th day of May, 2021 on:

Hans Huggler
hugglerh@lanepowell.com

Brewster Jamieson
jamiesonb@lanepowell.com

James Torgerson
jimtorgerson@stoel.com

Connor Smith
connor.smith@stoel.com


   /s/Michael Flanigan
FLANIGAN & BATAILLE

FLANIGAN & BATAILLE
1007 West 3rd Ave., Suite 206
Anchorage, Alaska 99501
Phone 907-279-9999
Fax 907-258-3804

Plaintiff's Motion for Summary Judgment re: 29 USC 1132(c)(1) claim
*Hewko v. Coffman; et. al.;* Case No. 3:19-cv-00169 JWS    PAGE 14 OF 14